**E-FILED**
Wednesday, 29 September, 2004  11:29:24 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## DANVILLE/URBANA DIVISION

| | | |
|---|---|---|
| JAVIER A. GUTIERREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-2098 |
| | ) | |
| JBC & ASSOCIATES, P.C. d/b/a JBC | ) | |
| LEGAL GROUP, P.C., and JACK | ) | |
| BOYAJIAN, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO COMPLAINT

Defendants, JBC & ASSOCIATES, P.C. d/b/a JBC LEGAL GROUP, P.C., and JACK BOYAJIAN, by their attorney, David M. Schultz, and for their Answer to Plaintiff's Complaint, state as follows:

## PRELIMINARY STATEMENT

1.      This action seeks redress for the illegal practices of defendant in connection with the collection of debts.  The Complaint alleges that defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, (" FDCPA") entitling plaintiff to relief.

**ANSWER:**   Defendants admit that plaintiff purports to state a claim and seek relief under the FDCPA.  Defendant denies that it violated the FDCPA and denies that plaintiff is entitled to relief.

## JURISDICTION

2.      This Court has jurisdiction over Count I under 29 U.S.C. § 1331 (general federal question jurisdiction) and 15 U.S.C. § 1692k (Fair Debt Collection Practices Act).

**ANSWER:**   Defendants admit that this Court has jurisdiction.

## PARTIES

3.      Plaintiff Javier A. Gutierrez. is an individual who resides in Vermilion, Edgar County, Illinois.

**ANSWER:**    Upon information and belief, defendants admit the allegations contained in Paragraph 3.


4.      Defendant, JBC & Associates, P.C., is a corporation. Its principal office is located in Bloomfield, New Jersey.

**ANSWER:**    Defendant admits the allegations contained in Paragraph 4.


5.      Defendant JBC & Associates, P.C. also does business under the name JBC Legal Group, P.C.

**ANSWER:**    Defendant admits that it conducts various business activities under the name JBC Legal Group, P.C.


6.      Defendant Jack Boyajian is an attorney licensed to practice law in the State of California, a shareholder in Defendant JBC & Associates. P.C., is president of JBC & Associates, P.C., and exerts control over the day to day operations of the business.

**ANSWER:**    Defendants admit that defendant Boyajian is an attorney licensed to practice law in the State of California and is a shareholder in defendant JBC & Associates, P.C. In further answering, defendants admit that defendant Boyajian is president of JBC & Associates, P.C.  Defendants deny the remaining allegations as alleged.

5817481v1 845022

7.    Defendants JBC & Associates, P.C. and Jack Boyajian are engaged in the business of debt collection.

**ANSWER:**    Defendants admit that they engage in the business of debt collection under certain circumstances.

## FACTS RELATING TO FDCPA CLAIM

8.    On or about November 19, 2003, JBC & Associates. P.C. arranged for the preparation and transmittal by U.S. Mail to the plaintiff of a form letter. A copy of the letter is attached hereto and incorporated herein as Exhibit A.

**ANSWER:**    Defendants admit that on or about November 19, 2003, they mailed plaintiff the letter attached to plaintiff's complaint as Exhibit A.

9.    Exhibit A is entitled "Re: Dishonored Check(s)."

**ANSWER:**    Defendants admit that Paragraph 9 purports to recite a portion of Exhibit A.  Defendants deny Paragraph 9 to the extent it is inconsistent with Exhibit A.

10.    Exhibit A states that pursuant to 720 ILCS 5/17-1(a) of the Criminal Code the defendant is entitled to treble damages and attorney's fees.

**ANSWER:**    Defendants admit that Paragraph 10 purports to recite a portion of Exhibit A.  Defendants deny Paragraph 10 to the extent it is inconsistent with Exhibit A.

11.    Exhibit A suggests to the unsophisticated consumer that plaintiff will be criminally prosecuted and also face treble damages and attorney's fees if payment is not made promptly.

3

**ANSWER:**    Defendants deny the allegations contained in Paragraph 11.

12.    Exhibit A suggests to the unsophisticated consumer that plaintiff will be filing a lawsuit if the debt is not paid immediately.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 12.

13.    Defendant is attempting to collect a debt arising out of a dishonored check dated April 17, 1993.

**ANSWER:**    Defendants admit the allegations contained in Paragraph 13.

14.    The statute of limitations for pursuing a cause of action of breach of written contract is ten years.

**ANSWER:**    Defendants admit that Paragraph 14 purports to paraphrase or recite portions of the Illinois statute of limitations pertaining to causes of actions involving written contracts.  Defendants deny Paragraph 14 to the extent it is inconsistent with the Illinois statute of limitations pertaining to causes of actions involving written contracts.

15.    The statute of limitations for being criminally prosecuted for Deceptive Practices is three years for a felony count and eighteen months for a misdemeanor count.

**ANSWER:**    Defendants admit that Paragraph 15 purports to paraphrase or recite portions of the Illinois statute of limitations pertaining to the criminal prosecution for Deceptive Practices.  Defendants deny Paragraph 15 to the extent it is inconsistent with the Illinois statute of limitations pertaining to the criminal prosecution for Deceptive Practices.

5817481v1 845022

16.     Defendants JBC & Associates, P.C. and Jack Boyajian violated the FDCPA by causing a demand letter to be sent that represented or implicated that nonpayment of a debt will result in arrest or imprisonment in violation of 15 U.S.C. §§ 1692e, 1692(e)(4), 1692 (e)(5) and 1692(e)(l0).

**ANSWER:**     Defendants deny the allegations contained in Paragraph 16.

17.     JBC & Associates, P.C. and Jack Boyajian violated the FDCPA by causing a demand letter to be sent that represented or implicated that nonpayment of the time-barred debt will result in a lawsuit where Plaintiff would be entitled to treble damages and attorneys fees in violation of 15 U.S.C. §§ 1692e, 1692(e)(2), 1692 (e)(5) and 1692(e)(l0).

**ANSWER:**     Defendants deny the allegations contained in Paragraph 17.

18.     As a result of Defendants' conduct, Plaintiff suffered actual damages.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 18.

## AFFIRMATIVE DEFENSE

1.     For their affirmative defense, defendants state that if they violated the FDCPA,  which they deny, the violation was unintentional and resulted from a  *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid such an error.

WHEREFORE, Defendants JBC & Associates d/b/a JBC Legal Group, P.C., and Jack Boyajian, respectfully request this Court deny the relief sought in plaintiff's complaint and grant such other and further relief as the Court deems appropriate and just.

5817481v1 845022

Respectfully submitted,


JBC & ASSOCIATES, P.C. d/b/a JBC LEGAL
GROUP, P.C., and JACK BOYAJIAN, Defendants


By:  s/ David M. Schultz
   David M. Schultz
   HINSHAW & CULBERTSON LLP
   222 North LaSalle Street
   Suite 300
   Chicago, Illinois  60601
   (312) 704-3000
   (312) 704-3001
   dschultz@hinshawlaw.com

5817481v1 845022

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DANVILLE/URBANA DIVISION

| | | |
|---|---|---|
| Javier A. Gutierrez, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  04-2098 |
| | ) | |
| vs. | ) | |
| | ) | |
| JBC & Associates, P.C. d/b/a JBC Legal Group, | ) | |
| P.C. and Jack Boyajian, | ) | |
| | ) | |
| Defendants. | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on  September 29, 2004, I electronically filed its Answer to Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

Roy Jackson Dent
Brankey & Smith, P.C.
rdent@brankeysmithpc.com

Respectfully submitted,
JBC & Associates, P.C., d/b/a JBC Legal Group, P.C., and Jack Boyajian

By: _____ /s/ David M. Schultz
David M. Schultz
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601
312-704-3000
312-701-3001 (f)
dschultz@hinshawlaw.com

5817481v1 845022